**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**MCI COMMUNICATIONS SERVICES, INC.,**

    **Plaintiff**

vs.

**SURE SHOT DRILLING, INC.,**

    **Defendant.**

Civil Action No. _____

## COMPLAINT

Plaintiff MCI Communications Services, Inc. ("MCI") for its Complaint against Defendant Sure Shot Drilling, Inc. ("SSD") alleges and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff MCI is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

2. Upon information and belief, Defendant SSD is a Colorado corporation with its principal place of business in Fort Lupton, Colorado.

3. The matter in controversy, exclusive of interest and costs, exceeds $75,000.00. Diversity of citizenship exists and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

4. The actions and omissions giving rise to this action occurred in this district. Venue is therefore proper pursuant to 28 U.S.C. § 1391(a), (c).

### BACKGROUND INFORMATION

5. MCI is a telecommunications company which provides interstate telecommunications services through, among other means a nationwide network of fiber optic cables much of which is buried underground.

6. By agreement with and/or permit from the State of Colorado, MCI possesses the rights to install and operate fiber optic cables in the right-of-way of State Highway 72 in Jefferson County, Colorado. By virtue of this agreement, MCI is entitled to an undisturbed possession of these rights. In accordance with its agreement with and/or permit from the State, MCI installed and operates a fiber optic cable in the Highway 72 right-of-way in and around Arvada, Colorado.

7. In accordance with C.R.S. § 9-1.5-105(1), MCI is a member of Utility Notification Center of Colorado, the notification center which, pursuant to C.R.S. § 9-1.5-106, provides the notices of excavation it receives from excavators to utility owners and operators.

## **FIRST CAUSE OF ACTION**
**(TRESPASS)**

8. MCI repeats and realleges each and every allegation contained in Paragraphs 1 through 7 above as if fully set forth at length herein.

9. Upon information and belief, on August 23, 2010, SSD was, without MCI's knowledge or consent, and against MCI's will, excavating with mechanized equipment in the Highway 72 right-of-way east of Plainview Road in or near Arvada, Jefferson County, Colorado.

10. Upon information and belief, on August 23, 2010, without MCI's knowledge or consent, and against MCI's will, SSD severed MCI's cable while excavating with mechanized equipment as described in Paragraph 9 above.

11. As a result of SSD's actions, MCI sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of its cable which has resulted in actual damages to MCI including, but not limited to, the costs of repairs and the loss of the use of the cable.

12. SSD's actions were intentional, grossly negligent and/or reckless and exhibited a willful and wanton disregard of MCI's rights and a conscious indifference to the consequences.

WHEREFORE, MCI respectfully requests judgment in its favor and against SSD on MCI's First Cause of Action awarding MCI actual damages in an amount in excess of $75,000.00; punitive damages in an amount sufficient to punish SSD for its actions and to deter such conduct in the future; pre-judgment and post-judgment interest; all costs of this action, including attorney fees; and such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NEGLIGENCE)

13. MCI repeats and realleges each and every allegation contained in Paragraphs 1 through 12 above as if fully set forth at length herein.

14. Upon information and belief, SSD acted negligently in excavating with mechanized equipment as described in Paragraph 9 above. This negligent conduct included, but is not limited to the following:

   a. Failing to notify Utility Notification Center of Colorado of the specific location of SSD's excavation prior to commencing excavation as required by C.R.S. §§ 9-1.5-103(3) and 9-1.5-104.5(2)(a) and applicable regulations and industry standards;

   b. Failing to exercise such reasonable care as necessary to protect any underground facility in or near the excavation area as required by C.R.S. § 9-1.5-103(4)(c)(I) and applicable regulations and industry standards;

   c. Failing to maintain adequate and accurate documentation, including but not limited to photographs, video, or sketches, at the excavation site on the location and identification of any underground facility throughout the excavation period as required by C.R.S. § 9-1.5-103(4)(c)(I) and applicable industry standards;

   d. Failing to protect, maintain and preserve documentation or markings indicating the location of MCI's underground facilities in the excavation area throughout the excavation period as required by C.R.S. § 9-1.5-103(4)(c)(II) and applicable industry standards;

   e. Failing to notify Utility Notification Center of Colorado or MCI and request immediate reverification of the location of underground facilities in the excavation area when the markings indicating the location of those facilities were no longer visible during the excavation period as required

      by C.R.S. §§ 9-1.5-103(3)(a) and 9-1.5-103(4)(b) and applicable industry standards;

f. Failing to notify Utility Notification Center of Colorado or MCI and request immediate reverification of the location of underground facilities in the excavation area when documentation indicating the location of those facilities became lost or invalid as required by C.R.S. § 9-1.5-103(4)(c)(II)(A) and applicable industry standards;

g. Failing to cease excavation activities at the affected location when documentation indicating the location of those facilities became lost or invalid until the location of any underground facilities had been reverified as required by C.R.S. § 9-1.5-103(4)(c)(II)(A) and applicable industry standards;

h. Failing to plan the excavation in such a manner as to avoid damage to or interference with MCI's cable as required by applicable regulations and industry standards;

i. Failing to exercise due care at all times, and to take all steps reasonably necessary, to properly protect MCI's cable as required by applicable regulations and industry standards;

j. Failing to determine the approximate location of all underground utilities that might be encountered in the excavation area prior to beginning the work described in Paragraph 9 above as required by applicable regulations and industry standards;

k. Failing to determine the exact location of all underground utilities when the work described in Paragraph 9 approached the estimated location of those underground facilities as required by applicable regulations and industry standards;

l. Failing to expose MCI's cable by hand digging as required by applicable statutes, regulations and industry standards before excavating within eighteen (18) inches horizontally from the exterior sides of the cable;

m. Failing to maintain clearance between MCI's cable and the cutting edge of the mechanized equipment to avoid damage to MCI's cable;

n. Failing to train SSD's employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities;

o. Failing to adequately supervise SSD's employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities; and

        p.        Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

15. As a result of SSD's actions and/or omissions, MCI has sustained damage to and the loss of the use of its cable which has resulted in actual damages to MCI, including, but not limited to, costs of repair of the cable and the loss of the use of the cable.

16. SSD's actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of MCI's rights and a conscious indifference to the consequences.

WHEREFORE, MCI respectfully requests judgment in its favor and against SSD on MCI's Second Cause of Action awarding MCI actual damages in an amount in excess of $75,000.00; punitive damages in an amount sufficient to punish SSD for its actions and to deter such conduct in the future; pre-judgment and post-judgment interest; all costs of this action, including attorney fees; and such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### (STATUTORY LIABILITY)

17. MCI repeats and realleges each and every allegation contained in Paragraphs 1 through 16 above as if fully set forth at length herein.

18. SSD's severance of MCI's cable was a direct and proximate result of SSD's violation of C.R.S. § 9-1.5-104.5(2)(a) which required SSD to provide timely and proper notice to Utility Notification Center of Colorado before excavating on August 23, 2010, and SSD's failure to exercise reasonable care in excavating on August 23, 2010.

19. Pursuant to C.R.S. § 9-1.5-104.5(2)(c)(I), SSD is therefore liable to MCI for a civil penalty in the amount of $5,000.00.

20. Pursuant to C.R.S. § 9-1.5-104.5(2)(d)(I), SSD is therefore presumably liable to MCI for any cost or damage incurred by MCI in restoring, repairing, or replacing its damaged

underground facility, together with reasonable costs and expenses of suit, including reasonable attorney fees.

21. Pursuant to C.R.S. § 9-1.5-104.5(2)(d)(II), SSD is therefore presumably liable to indemnify and defend MCI against any and all claims or actions, if any, for personal injury, death, property damage, or service interruption resulting from the damage to MCI's underground facility.

WHEREFORE, MCI respectfully requests judgment in its favor against SSD on MCI's Third Cause of Action awarding MCI a civil penalty in the amount of $5,000,00, repair costs in the amount of $18,966.81; indemnification and defense to MCI against any and all claims and actions, if any, or personal injury, death, property damage, or service interruption resulting from the damage to MCI's Cable; prejudgment and post-judgment interest; all costs and expenses of suit, including attorney fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Richard L. Hathcoat
Richard L. Hathcoat CSN: 40714
**CALDWELL HATHCOAT LLC**
4440 Arapahoe Ave., No. 110
Boulder, CO 80303
Telephone:  (303) 945-2750
Facsimile:   (303) 957-2605
rich@caldwellhathcoat.com

**ATTORNEYS FOR PLAINTIFF
MCI COMMUNICATIONS SERVICES, INC.**
One Verizon Way, Basking Ridge, NJ 07920

1278852.1:915100:00540